IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-2147-PAB

MURAT OZCELIK,

     Applicant,

v.

WARDEN OF DENVER CONTRACT DETENTION FACILITY, Aurora, Colorado,
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,
US DEPARTMENT OF HOMELAND SECURITY, and
TODD BLANCHE, Acting U.S. Attorney General, in his official capacity,

     Respondents.

---

ORDER

---

This matter comes before the Court on petitioner Murat Ozcelik's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). Docket No. 1. Respondents filed a response. Docket No. 14. Although Petitioner's deadline for filing a Reply has not yet passed, the Court will grant the Petition at this time.

## I. BACKGROUND[1]

Petitioner Murat Ozcelik is a native and citizen of Türkiye who entered the United States on or about October 22, 2024, and was apprehended by U.S. Customs and Border Protection ("CBP") shortly after entry. Docket No. 14-1 at 2, ¶¶ 4-5. CBP determined that Petitioner is inadmissible to the United States and processed him for expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). *Id.* at ¶ 6. On

---

[1] The following facts are undisputed unless otherwise noted.

October 23, 2024, Petitioner was transferred to the custody of Immigration and Customs Enforcement ("ICE").  *Id.* at ¶ 8.

In November 2024, after Petitioner claimed fear of persecution if returned to Türkiye, ICE referred him to U.S. Citizenship and Immigration Services (USCIS) for a credible fear interview by an asylum officer pursuant to 8 U.S.C. § 1225(b)(1)(A)(ii).  *Id.* at ¶¶ 9-10.  USCIS interviewed Petitioner on January 7, 2025, and determined that he established a fear of persecution or reasonable probability of persecution.  *Id.* at 2-3, ¶ 11.

On January 9, 2025, USCIS issued a Notice to Appear, initiating removal proceedings under 8 U.S.C. § 1229a, before the Executive Office for Immigration Review (EOIR).  *Id.* at 3, ¶ 12.  The Notice charged Petitioner with being inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and § 1182(a)(7)(A)(i)(I).  *Id.* On January 30, 2025, Petitioner appeared before an Immigration Judge ("IJ") and admitted the allegations in the Notice.  *Id.* at ¶ 13.  The IJ sustained the charges of removability.  *Id.*

On March 27, 2025, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal, with EOIR.  *Id.* at ¶ 14.  On July 3, 2025, following a hearing, the IJ issued a written decision denying Petitioner's application for asylum and ordered him removed to Türkiye and, in the alternative, to the Dominican Republic.  *Id.* at ¶¶ 15-16.  The IJ also denied Petitioner's applications for withholding of removal under 8 U.S.C. § 1231(b)(3) and withholding of removal under the Convention Against Torture ("CAT").  *Id.* at ¶ 16.  However, the IJ granted Petitioner's application for deferral of removal to Türkiye under the CAT.  *Id.* at ¶ 16.  On July 30, 2025, the Department of

Homeland Security ("DHS") appealed the IJ's decision granting deferral under the CAT. *Id.* at 4, ¶ 17.  On May 14, 2026, the Board of Immigration Appeals dismissed DHS's appeal.  *Id.* at ¶ 19.

Petitioner did not appeal the order of removal and it became administratively final on August 5, 2025.  *Id.* at ¶ 18.  Petitioner remains detained at the Denver Contract Detention Facility pursuant to 8 U.S.C. § 1231, pending his removal to a third country.  *Id.* at ¶¶ 20-23.

On May 18, 2026, Petitioner filed the Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See* Docket No. 1.  Petitioner claims that his prolonged detention violates the due process clause of the Fifth Amendment to the United States Constitution.  *Id.* at 2.  He further asserts that, because of the CAT deferral, his removal to Türkiye is not reasonably foreseeable and no alternative country has been identified.  *Id.*  Petitioner asks the Court to order his immediate release from custody under reasonable conditions of supervision.  *Id.* at 6.

## II.  ANALYSIS

Petitioner claims that Respondents have violated his due process rights under the Fifth Amendment.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that a noncitizen ordered removed and detained under 8 U.S.C. § 1231(a)(6)[2] cannot be

---

[2] Under 8 U.S.C. § 1231, "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." § 1231(a)(1).  The noncitizen must be detained during this initial 90-day timeframe, *see* § 1231(a)(2), which is "referred to as the 'removal period,'" § 1231(a)(1)(A).  If the noncitizen "does not leave or is not removed within the removal period," then he or she is normally subject to supervised release.  § 1231(a)(3).  However, certain categories of noncitizens who have been ordered removed—including inadmissible or criminal

detained indefinitely without violating the Fifth Amendment of the United States Constitution. *See id.* at 701. *Zadvydas* held that a six-month period of post-removal detention is presumptively reasonable, but, "[a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* This standard does not require petitioner to "show the absence of any prospect of removal – no matter how unlikely or unforeseeable." *Id*. at 702. Rather, he simply must show that removal is not significantly likely in the reasonably foreseeable future. *Id*. at 701.

Respondents concede that Petitioner has been detained for longer than the six-month presumptively reasonable period. *See* Docket No. 14 at 7. Therefore, the Court turns to whether Petitioner has met his burden under *Zadvydas*. Respondents argue that Petitioner has not met his burden "because DHS and the U.S. Department of State are working in coordination to secure Petitioner's removal to a third country." Docket No. 14-1 at 4, ¶ 22; *see also* Docket No. 14 at 7.

Petitioner's order of removal became administratively final on August 5, 2025. Docket No. 14-1 at 4, ¶ 18. Since that time, Respondents have been unable to effectuate Petitioner's removal and there is no indication that Respondents have made any attempts to remove Petitioner to a third country. Respondents have not identified any third country where Petitioner's removal would be possible. Furthermore, Petitioner

---

noncitizens, or noncitizens whom the Attorney General has determined are a risk to the community or are unlikely to comply with the removal order—"may be detained beyond the removal period." § 1231(a)(6). The statute does not contain an express limit on the duration a noncitizen may be detained under its authority.

cannot be removed to Türkiye because an immigration judge granted Petitioner's application for deferral of removal to Türkiye under the CAT and the BIA has dismissed DHS's appeal of that decision.[3]  Docket No. 14-1 at 3, ¶ 16; *id.* at 4, ¶ 19.  Accordingly, the Court finds that Petitioner has satisfied his burden under *Zadvydas*.  *See Ahrach v. Baltazar*, No. 25-cv-03195-PAB, 2025 WL 3227529, at *4 (D. Colo. Nov. 19, 2025) (finding that petitioner met her burden where petitioner had been detained for over six months and the only efforts respondents had made to remove petitioner was to solicit acceptances from other countries); *Aguilar v. Noem*, No. 25-cv-03463-NYW, 2025 WL 3514282, at *5 (D. Colo. Dec. 8, 2025) ("Because Petitioner has been granted withholding of removal to his only country of citizenship and there are no other countries currently identified that would accept him, Petitioner has shown good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.") (internal quotation and citation omitted); *Vargas v. Noem*, 2025 WL 2770679, at *2 (D. Kan. Sept. 29, 2025) ("The Court concludes that petitioner has met his burden to show that there is no significant likelihood of his removal in the reasonably foreseeable future. Petitioner has now been detained for nearly nine months since his removal order became final on January 4, 2025, well beyond the six-month period sanctioned by the Supreme Court in *Zadvydas*, and officials have still not been able to remove him or even to schedule his removal.").

---

[3] CAT "prohibits removal to a country where an alien would probably face torture." *Ismaiel v. Mukasey*, 516 F.3d 1198, 1204 (10th Cir. 2008).  "Relief under the CAT is mandatory if the convention's criteria are satisfied."  *Id.*; *see also* 8 C.F.R. § 1208.16(c)(4) (providing that an alien meeting CAT's criteria "shall be granted," at a minimum, deferral of removal).

Turning to respondents' burden under *Zadvydas*, Respondents simply argue that they "do not have information to present to the Court concerning their efforts to remove Petitioner beyond the fact that they are working with the U.S. Department of State to secure his removal to a third country."  Docket No. 14 at 7.  However, "unsubstantiated assertions that respondents are working toward petitioner's removal to a third country are insufficient to meet respondents' burden."  *See Shehata v. Mullin,* No. 26-cv-01038-PAB, 2026 WL 972352, at *2 (D. Colo. Apr. 10, 2026); *Aguilar*, 2025 WL 3514282, at *6 ("Respondents' bare assertions that ICE is pursuing third country removal options are insufficient to meet Respondents' burden to put forth evidence sufficient to rebut Petitioner's showing") (internal quotation, citation, and alteration omitted); *Chennah v. Baltazar*, No. 26-cv-00112-CNS, 2026 WL 179951, at *3 (D. Colo. Jan. 23, 2026) ("Numerous courts have persuasively rejected...equivocated, conclusory justifications for continued detention, and based on the current record the Court joins them in rejecting Respondents' infirm justification for Petitioner's continued detention here."); *Gonzalez Gutierrez v. Carter*, 811 F. Supp. 3d 1283, 1287 (D. Kan. 2025) ("[R]espondents have not been able to provide evidence or even point to any specific fact that creates a significant likelihood that, even though officials have failed in their undescribed 'attempts' to remove petitioner to a third country, and even though they have seemingly made no additional efforts regarding other countries . . . petitioner will nonetheless be removed to a third country in the reasonably foreseeable future").  Accordingly, Respondents fail to rebut Petitioner's showing as to the likelihood of his removal.

Respondents ask that the Court grant them leave to submit a status report within 30 days "concerning the status of their efforts to remove Petitioner." Docket No. 14 at 7. Because "respondents provide no reason to believe [petitioner's] removal would be any closer in another thirty days," the Court will deny that request. *See Ahrach*, 2025 WL 3227529, at *5; *see also Shehata*, 2026 WL 972352, at *3.

The Court finds that Respondents have detained Petitioner in violation of the Fifth Amendment and 8 U.S.C § 1231(a) and will order that Petitioner be released from custody pursuant to 28 U.S.C. § 2241(c)(3).

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Murat Ozcelik's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that Respondents shall release petitioner Murat Ozcelik from custody within 72 hours. It is further

**ORDERED** that the parties shall file a status report within 48 hours of petitioner's release.

DATED July 13, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge